IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **JENNIFER SALMONS,** | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **2-10CV-268-J** |
| | § | CIVIL ACTION NO. _____ |
| **MURPHY-BROWN, LLC, a/k/a** | § | |
| **SMITHFIELD PREMIUM GENETICS,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Jennifer Salmons files this Original Complaint against Defendant Murphy – Brown, LLC, a/k/a Smithfield Premium Genetics for violating state and federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Jennifer Salmons ("Plaintiff" or "Salmons") is currently a citizen and resident of the State of Texas.

2. Defendant Murphy-Brown, LLC, a/k/a Smithfield Premium Genetics ("Defendant" or "SPG") is a Delaware corporation, authorized to do business, and is doing business, in the State of Texas. SPG's main corporate office is located at 2822 Highway 24 West, Warsaw, NC 28398. Defendant may be served through its registered agent for service, C T Corporation System, 350 N. St. Paul, Suite 2900, Dallas, TX 75201-4234.

3. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4. Plaintiff filed a "Charge of Discrimination" with the Texas Workforce

Commission/Texas Commission on Human Rights ("TWC") and Equal Employment Opportunity Commission ("EEOC") on or about April 3, 2009, alleging retaliation, and sexual harassment/discrimination. On May 28, 2010, the Equal Employment Opportunity Commission issued the following determination:

> Respondent is an employer with the meaning of Title VII. Timelines and all other jurisdictional requirements for coverage have been met. Charging Party alleges that Respondent violated Title VII by subjecting her to a hostile work environment based on her sex, Female.
>
> There is reasonable cause to believe that Respondent violated Title VII by subjecting Charging Party to a hostile work environment because of her sex, Female. Specifically, the evidence reveals that Charging Party was subjected to unwanted sexual conduct from Respondent's employees, including Supervisor Jason Garth and Robert Pamplin. The evidence further shows that, despite Charging Party's complaints to management, including Supervisor Jason Pooley and Human Resources Manager Angela Romaine, regarding the harassment, the company took no action to stop the harassment or discipline the harassers.
>
> There is also reasonable cause to support a like-and-related finding that Respondent violated Title VII by suspending Charging Party in retaliation for her complaints of sexual harassment to Respondent. The evidence shows that, after Charging Party complained to Human Resources Manager Romaine about the harassment, she was suspended for three days without pay.

A Right to Sue was issued in this matter on September 29, 2010. This action is being commenced within the required statutory time limits.

## III. FACTUAL BACKGROUND

5. In March of 2006, Salmons commenced employment with SPG. Beginning in 2007, (and getting progressively worse), Salmons' direct supervisor began engaging in sexually inappropriate and harassing actions. These actions included inappropriate gestures and comments towards Salmons, including leering at her breasts and crotch. It eventually escalated to the supervisor displaying his genitalia on a regular basis. Salmons asked her supervisor to stop, but the sexually-harassing actions continued. In addition, other employees made it a regular practice to pull down their pants, expose themselves, and urinate in front of Salmons, (despite there being a restroom only a few feet away). When Salmons asked that they stop, Salmon's supervisor called her a "fu*king bi*tch."

6. In December 2008, after an incident where another male employee purposely allowed his penis to fall out of his overalls, Salmons complained to her supervisor. Of course -- since her supervisor also engaged in similar actions -- little was done to rectify the situation. Thereafter, Salmons informed SPG's branch manager about the sexual-harassing events that were occurring, and he also failed to do anything to stop the male employees from committing further sexual-harassing actions. Finally, in early April of 2009, Salmons reported sexually-inappropriate behavior to SPG's director of human resources, who also did very little to correct the behavior. Salmons again complained about the sexual harassment later in the month, and she was told that nothing would be done to discipline anyone because she waited too long to report the harassing incidents. In fact, SPG's branch manager stated to Salmons, "if you were offended, you should have told someone or gotten a lawyer and took measures to correct it." Thereafter, Salmons was suspended for an alleged act of "verbal abuse," but this was just pretext, as Salmons was suspended for making complaints of sexual harassment.

7. In addition to the sexual harassment, Salmons was discriminated against because of her gender, in that she was required to perform traditionally female tasks, (i.e. washing and folding laundry), which the men were not required to do unless a woman was not present to do the task.

## IV. CAUSE OF ACTION--VIOLATION OF TITLE VII & TCHRA

8. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 7 as if fully stated herein.

9. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Civil Right Act of 1964 (as amended), 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"), and the Texas Commission on Human Rights Act ("TCHRA"), TEX. LABOR CODE. §§21.001 *et. seq.*

10. SPG is an "employer" as defined by the TCHRA and Title VII.

11. Plaintiff is an "employee" as defined by the TCHRA and Title VII.

12. During the time that Plaintiff was employed by Defendant she was subjected to severe and pervasive sexual harassment and retaliation by Defendant for engaging in protected activity as defined by Title VII and the TCHRA. These actions created a hostile-work environment, and affected the terms and conditions of Plaintiff's employment, (including her suspension).

13. SPG did not have adequate policies or procedures in place to address the sexual harassment and retaliation, nor did it implement prompt remedial measures.

14. As described above, Defendant intentionally and willfully violated the TCHRA and Title VII by sexually harassing and retaliating against Plaintiff. In illegally harassing and retaliating against Plaintiff, Defendant acted with malice and/or reckless indifference to the statutory-protected rights of Plaintiff.

15. As a result of Defendant's violations of the TCHRA and Title VII, Plaintiff has suffered mental trauma, actual damages in the form of lost wages and benefits (past and

future), and other losses.

16. As a result of these willful violations of the TCHRA and Title VII, Plaintiff requests that she be awarded all compensatory and punitive damages, to which she is entitled, as outlined in the TCHRA and Title VII, as well as all equitable relief, and attorney fees and costs.

## V. JURY DEMAND

Plaintiff requests a trial by jury on all claims.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages, (including mental anguish damages), in the maximum amount allowed by law;

c. Judgment against Defendant for punitive damages in the maximum amount allowed under law;

d. An order that Defendants take such other and further actions as may be necessary to redress its violation of the law;

e. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f. Costs of suit, including attorney's fees;

g. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled under the TCHRA and Title VII.

Respectfully submitted by:

_____
**Robert (Bobby) Lee**
State Bar No. 00787888
lee@l-b-law.com
**Carmen Artaza**
State Bar No. 24055114
artaza@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel: (214) 749-1400
Fax: (214) 749-1010

**Joel Cohen**
State Bar No. 24048142
**LAW OFFICES OF JOEL E. COHEN**
Dominion Plaza
17304 Preston Road, Suite 800
Dallas, Texas 75252
Telephone: (972) 867-9549
Facsimile: (972) 867-9549
joelshah@verizon.net

**ATTORNEYS FOR PLAINTIFF**

≈JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jennifer Salmons

## DEFENDANTS
Murphy-Brown, LLC, a/k/a Smithfield Premium Genetics

**(b)** County of Residence of First Listed Plaintiff: Roberts County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Robert (Bobby) Lee of Lee & Braziel, LLP
1801 N. Lamar, Ste. 325, Dallas, TX 75202
(214) 749-1400

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
_____
Brief description of cause:
Sexual Harassment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 11/11/2010
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____