IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JENNIFER SALMONS, | § | |
| Plaintiff | § § § | |
| v. | § § | CIVIL ACTION NO. 2:10-CV-0268-J |
| MURPHY-BROWN, LLC, a/k/a SMITHFIELD PREMIUM GENETICS, | § § § § | |
| Defendant | § § | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant, Murphy-Brown, LLC (hereinafter referred to as "Defendant") files this Answer to Plaintiff's Original Complaint.

## I.
## AFFIRMATIVE DEFENSES

1. The Complaint fails to state claims upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. All actions taken with regard to the Plaintiff were based upon legitimate non-discriminatory business reasons.

4. Plaintiff has failed to satisfy all administrative conditions precedent to instituting this action.

5. Defendant invokes all statutory limitations on damages pursuant to the Texas Civil Practices & Remedies Code and the Texas Commission on Human Rights Act.

6. At all times relevant hereto, Defendant has acted in good faith and with good cause, and has not violated any rights which may be secured to Plaintiff under any federal law, rule, ordinance, regulation or guideline

7. Plaintiff's claims for damages are barred, in whole or in part, due to Defendants' good faith efforts to comply with applicable anti-discrimination laws.

8. Defendant invokes all applicable damage caps or limitations, including but not limited to those set forth in the Title VII of the Civil Rights Act of 1964 (as amended).

9. For further answer herein, if necessary, Plaintiff failed to mitigate her damages, if any, as required by law.

10. Plaintiff's claims are barred, in whole or in part, because she comes before the Court with unclean hands.

11. Plaintiff's claims for relief are barred to the extent they exceed that available under federal and Texas law.

12. Defendant reserves the right to assert any further affirmative defenses available at the close of discovery as provided for by Federal Rule of Civil Procedure 8 and in compliance with any court scheduling order.

13. Defendant is entitled to an offset with respect to compensation and benefits Plaintiff received through any subsequent employment.

## II.
## ANSWER TO COMPLAINT ALLEGATIONS

1. Defendant admits the allegations contained in Paragraph No. 1 upon information and belief.

2. Defendant admits the allegations contained in Paragraph No. 2

3. Defendant neither admits nor denies the allegations contained in Paragraph No. 3 of the Complaint as they are jurisdictional in nature and require no substantive response. Defendant admits that this Court has jurisdiction over this matter.

4. Defendant admits the allegations contained in Paragraph No. 4 of Plaintiff's Complaint, except for the allegation contained in the last sentence. Defendant denies that the lawsuit was commenced within all of the statutory time limits.

5. Defendant admits the first sentence of Paragraph No. 5 of Plaintiff's Complaint. Defendant denies the allegations contained in the remainder of Paragraph No. 5 of Plaintiff's Complaint.

6. Defendant denies the allegations in Paragraph No. 6 of Plaintiff's Complaint, except to admit that Plaintiff complained to a Human Resources Manager for SPG.

7. Defendant denies the allegations contained in Paragraph No. 7 of Plaintiff's Complaint.

8. Defendant reasserts all admissions, denials or other responses to Paragraph Nos. 1 to 7 above in response to Paragraph No. 8 of Plaintiff's Complaint.

9. Defendant denies the allegations contained in Paragraph No. 9 of Plaintiffs' Complaint.

10. Defendant admits the allegations contained in Paragraph No. 10 of Plaintiff's Complaint.

11. Defendant admits the allegation contained in Paragraph No. 11 of Plaintiff's Complaint upon information and belief.

12. Defendant denies the allegations contained in Paragraph No. 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph No. 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph No. 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph No. 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph No. 16 of Plaintiff's Complaint.

17. Defendant denies that Plaintiff is entitled to any of the relief requested in the prayer for relief.

18. Defendant denies all of the allegations in the Complaint which have not been specifically admitted.

WHEREFORE, Defendant respectfully prays that on trial or other appropriate hearing, the Court grant a take nothing judgment in favor of Defendant and dismiss all of Plaintiff's causes of action with prejudice. Defendant further seeks any other relief, including attorneys' fees and costs where applicable, to which they show themselves justly entitled.

        Respectfully submitted,

        JACKSON LEWIS LLP
        3811 Turtle Creek Boulevard, Suite 500
        Dallas, Texas 75219
        PH: (214) 520-2400
        FX: (214) 520-2008


        By:   /s/ William L. Davis
            William L. Davis, Esq.
            State Bar No. 05563800
            Pamela E. Bethel
            State Bar No. 24043415

        ATTORNEY FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" on December 15, 2010 to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

    Robert G. Lee, Esq.
    Carmen Artaza, Esq.
    Lee & Braziel
    1801 Lamar Blvd., Suite 325
    Dallas, TX 75202

    Joel E. Cohen, Esq.
    Law Offices of Joel L. Cohen
    Dominion Plaza
    17304 Preston Road, Suite 800
    Dallas, TX 75252


           /s/ William L. Davis
          William L. Davis


4848-4845-3128, v. 1